UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY MUSSELL, RICHARD DRENNON, GARY PETERSON, AMY LUMADUE, PAT ANDERSON, STEVEN TIDWELL, KRYSTAL LEWIS,<br><br>      Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION; Unknown John & Jane Does, Employees of Federal Home Loan Mortgage; UNKNOWN MORTGAGE LOAN ENTIRIES; ADA COUNTY SHERRIF; DEPUTY SHERIFF LEANN WALTON, Civil Process Server; DEPUTY SHERIFF(S), Unknown John and Does 1-thru-20 Deputy Sheriff(s); JOSEPH MALLET Attorney for Sheriff's Office,<br><br>      Defendants. | Case No. 1:14-cv-00537-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter are Plaintiff's Motion for Declaratory and Injunctive Relief and Motion to Enjoin 1/6/15 Sale of Property. No memorandum or affidavit was filed in support of either Motion. Neither Motion was served upon the Defendants and there has been no response filed to either Motion.

**MEMORANDUM DECISION AND ORDER - 1**

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

## BACKGROUND

Plaintiff Mussell appears to have been the owner of a duplex located at 4515 and 4513 Glenwood Street. However, the Complaint also alleges that Mussell currently resides at 3800 Meridian Road, and he sold the duplex to Brenda Dilbeck. Presently living in the duplex are Plaintiffs Amy Lumadue, Pat Anderson, Richard Drennon, Krystal Lewis, and Steven Tidwell. Plaintiff Gary Peterson does not reside on the property, but rather stays there overnight during the week when he has medical appointments in Boise. Gary Peterson resides in Garden Valley.

On December 17, 2014, the Plaintiffs filed a Complaint alleging the Defendants were engaged in wrongful eviction proceedings of the current residents of 4515 and 4513 Glenwood Street,[1] and that there was an "ejectment" scheduled for 9:00 a.m. on December 18, 2014. Although the Complaint pays lip service to several federal statutory and constitutional violations, including the Americans with Disabilities Act, the facts describe the genesis of this action began in state court to stop the residents of the duplex

---

[1] Plaintiff Tim Mussell filed suit regarding his mortgage loan secured by 4515 Glenwood Street. *Mussell et.al. v. Mortgage Electronic Registration Systems, Inc. (MERS) et. al.*, Case No. 1:13-cv-00188-BLW-REB. It was initially filed in state court on March 13, 2013, and removed to this Court on April 19, 2013. Plaintiff brought claims of (1) violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"); (2) violations of Fair Debt Collection Practices Act ("FDCPA"); (3) Separation of Note and Deed of Trust; and (4) Deceptive Trade Practices. Magistrate Judge Ronald Bush issued a report and recommendation granting the defendants' motion to dismiss, which was affirmed by District Judge B. Lynn Winmill on September 25, 2014.

**MEMORANDUM DECISION AND ORDER - 2**

from being evicted. The causes of action actually pled are: (1) noncompliance with 15 U.S.C. § 1639(j); (2) violation of the Idaho Consumer Protection Act; (3) intentional and negligent infliction of emotional distress; and (4) wrongful eviction under Idaho state law and the Americans with Disabilities Act. Contained within the allegations, but not pled separately, are assertions that Defendants have violated RESPA, TILA, the ADA, and the First, Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution as well as the Idaho Constitution. Plaintiffs do not elaborate how Defendants have deprived them of their Constitutional or other federal statutory rights.

According to the Complaint, this matter arises from a lawsuit commenced in the Fourth District Court in and for the County of Ada. Brenda Dilbeck filed suit against Defendant Federal Home Loan Mortgage Corporation (FHLMC) and Mussell, which resulted in Mussell receiving a judgment against him and a settlement with FHLMC. A hearing was held in the state district court on December 16, 2014, regarding a request to stay the eviction proceedings pending an appeal. The district court rejected the stay.

Because the Complaint mentioned Dilbeck filed suit regarding this property in Ada County, the Court conducted a public search of the Idaho State Judiciary's repository, and located Ada County Case No. CV-OC-2013-07600, *Dilbeck v Fed. Home Loan Mort. Corp., & Tim Mussell, Carrol Mussell.*[2] The case was filed on April 29, 2013. Intervening in that case are some of the same plaintiffs mentioned in this case: Richard Drennon, Crystal Lewis, and Steven Tidwell. Tracie Lewis also intervened. According to

---

[2] The Court takes judicial notice of the pleadings on file in the state court case and accessible via the Idaho State Judiciary's repository at www.idcourts.us/repository. Fed. R. Evid. 201(b) and (c)(1).

**MEMORANDUM DECISION AND ORDER - 3**

the docket reflected on the repository, a disposition was entered on August 11, 2014. Ada County obtained a Writ of Ejectment on September 18, 2014. On September 25, 2014, a motion to stay the Writ of Ejectment was filed by Tim and Carol Mussell. On December 16, the state court issued an order denying Mussell's Motion to dismiss the writ of ejectment and a later motion to stay writ of ejection, as well as an order rejecting Mussell's Motion to stay the district court's judgments pending appeal.[3]

On January 5, 2015, Plaintiffs filed the Motion to Enjoin 1/6/15 Sale of Property asking that this Court enjoin the sale of Plaintiffs' property held at Victory Storage located at 7202 W. Victory Road, Boise, Idaho. (Dkt. 8.) This property, Plaintiffs allege, was seized when Defendants unlawfully ejected them from the property at 4515 Glennwood, Boise, Idaho. Plaintiffs ask that the Court enjoin the sale until their claims for preliminary injunction can be heard. In addition, Plaintiffs filed an Amended Verified Complaint that alleges the "Defendants placed Plaintiffs' property into storage and has scheduled January 6, 2015 at 9am as the day to sale Plaintiffs property from the storage unit at 7202 W. Victory Road." (Dkt. 9 at ¶ 28.)

## DISCUSSION

The initial Motion for Declaratory and Injunctive Relief is the same document as the original Verified Complaint and requested an "immediate injunction" or preliminary

---

[3] The Court accessed the docket of Case No. CV-OC-2013-07600 at https://www.idcourts.us/repository. Additionally, Plaintiffs Amended Verified Complaint confirmed the state court had rejected the stay and that the Defendants, on December 18, 2014, had forcefully ejected Plaintiffs from the property and placed the seized property in storage. (Dkt. 9.)

**MEMORANDUM DECISION AND ORDER - 4**

injunction staying "any form of ejectment" from Plaintiffs' property. (Dkt. 1, 4.)[4] Because Plaintiffs are appearing *pro se*, the Court liberally construed the pleadings as a request for a temporary restraining order and preliminary injunction. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

Injunctions and restraining orders are governed by Federal Rule of Civil Procedure 65. Under Rule 65(a), a preliminary injunction can be issued only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Issuance of a temporary restraining order, on the other hand, requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...." Fed. R. Civ. P. 65(b). Rule 65(b)(1)(B) requires also that the movant's attorney certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Finally, a temporary restraining order may issue only upon the tender of security. Fed. R. Civ. P. 65(c).

In this case, Plaintiffs appear to seek both a preliminary injunction and a temporary restraining order. But, the verified complaint requesting such relief has not been served upon the named Defendants nor has there been a showing as to why an injunction should issue before such service. No showing has been made as required by

---

[4] The Clerk of the Court filed identical copies of the Verified Complaint, deeming one filing a motion, at 4:54 p.m. December 17, 2014. (Dkt. 1, 4.)

**MEMORANDUM DECISION AND ORDER - 5**

Rule 65(b)(1)(B) as to any efforts to serve the named Defendants with the complaint or why such service should not be required before an injunction is entered. And, no security has been tendered.

Further, it appears Plaintiffs sought to stop an action that had already been authorized by the state district court. As such, this Court appears to lack jurisdiction to enter a temporary restraining order or injunction halting the ejectment proceedings. To explain, federal district courts are courts of original jurisdiction; they may not serve as appellate tribunals to review the errors allegedly committed by state courts. *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970). In what has become known as the Rooker–Feldman doctrine, the United States Supreme Court proclaimed that federal district courts lack jurisdiction to review decisions of state courts. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Allah v. Superior Court of State of California*, 871 F.2d 887, 891 (9th Cir. 1989). Federal district courts do not have jurisdiction *even if* the challenges to a state court decision allege that the state court's action was unconstitutional. *Feldman*, 460 U.S. at 486. The claims raised in district court need not have been argued in the state judicial proceedings for them to be barred by the Rooker– Feldman doctrine. *Id*. at 483–484 n. 16.

Here, it appears the Court is being asked to issue an injunction with respect to proceedings that have already been extensively litigated in state court. And, an order was previously entered denying the very relief requested here, which allowed the ejectment of the tenants living at 4513 and 4515 Glenwood Street. The causes of action appear also to stem from the rulings issued in the state court case, because by allowing the ejectment of the residents, Plaintiffs complain that various state laws were violated thereby causing them emotional distress. The Complaint, and the accompanying request for injunctive relief, appears to constitute a collateral attack on the state court's ruling.

The Court therefore finds that the record does not, on its own, support a finding that an injunction must issue immediately without notice and an opportunity to respond being afforded to the non-moving party. Further, an injunction is not the proper relief for the alleged Constitutional and federal statutory violations. Rather, Plaintiffs would be entitled to monetary damages, not an injunction. Finally, the eviction has already occurred making the requested injunction moot.

Accordingly, the Court will deny the Complaint's request for a temporary restraining order and preliminary injunction for lack of jurisdiction. To the extent Plaintiffs make other claims in their Complaint alleging distinct Constitutional violations or violations of the ADA and other federal statutes, Plaintiffs shall serve Defendants with the Complaint and file a proof of such service in the record.

As to the Motion to Enjoin 1/6/15 Sale of Property, the Court finds this Motion to also be moot. The allegations made regarding this Motion were that the sale was to have occurred at 9:00 a.m. on January 6, 2015. That time and date have passed. Additionally,

**MEMORANDUM DECISION AND ORDER - 7**

the Plaintiffs have again failed to serve this Motion upon the Defendants and/or make a showing as required by Rule 65(b)(1)(B) as to any efforts made to serve the named Defendants with the Motion and/or Amended Verified Complaint and state why such service should not be required before an injunction is entered. For these reasons, the Motion to Enjoin is also denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) Motion for Injunctive Relief (Dkt. 4) is **DENIED**.

2) Motion to Enjoin (Dkt. 8) is **DENIED**.

3) Plaintiffs are directed to serve the Defendants with a copy of the Amended Verified Complaint and file a proof of such service in the record on or before **February 2, 2015. Failure to do so will result in this case being dismissed without further notice**.

DATED: January 7, 2015

Edward J. Lodge
United States District Judge