UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY MUSSELL, RICHARD DRENNON, GARY PETERSON, AMY LUMADUE, PAT ANDERSON, STEVEN TIDWELL, KRYSTAL LEWIS,<br><br>             Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION; Unknown John and Jane Does, Employees of Federal Home Loan Mortgage; UNKNOWN MORTGAGE LOAN ENTITIES; ADA COUNTY SHERIFF; DEPUTY SHERIFF LEANN WALTON, civil process server; DEPUTY SHERIFF(S), Unknown John and Does 1 Thru 20 Deputy Sheriff(s); JOSEPH MALLET, Attorney For Sheriff's Office,<br><br>             Defendants. | Case No. 1:14-cv-00537-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Plaintiffs filed a complaint against all named Defendants on December 17, 2014, which they later amended on January 6, 2015. In the complaint, Plaintiffs sought

**REPORT AND RECOMMENDATION - 1**

injunctive relief, which Judge Edward J. Lodge denied on January 7, 2015. (Dkt. 10.) Plaintiffs have served Defendants Joseph Mallet, Leann Walton and the Ada County Sheriff (the Ada County Defendants), who have appeared through counsel and filed a motion to dismiss (Dkt. 26), and Defendant Federal Home Loan Mortgage Corporation, (FHLMC), which has appeared through its counsel and filed a separate motion to dismiss (Dkt. 25).[1] Both motions seek an order granting the motions without leave to amend. On March 18, 2015, Plaintiffs asked for an additional thirty days to respond to the motions, and the Court granted the request, giving Plaintiffs until April 22, 2015, to file a response. (Dkt. 32.) Plaintiffs did not file a response, thereby rendering the motions ripe for review. Recently, on May 19, 2015, well after the extended deadline to respond to the motions expired, Plaintiffs filed a second motion for extension of time to file a response to the motions to dismiss. (Dkt. 34.) Plaintiffs now ask for an extension up to June 1, 2015, to file a response to the pending motions.

Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, to avoid delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

---

[1] On February 24, 2015, Judge Lodge referred this matter to the undersigned magistrate judge for issuance of a report and recommendation. (Dkt. 30.)

**REPORT AND RECOMMENDATION - 2**

## BACKGROUND

Plaintiff Mussell appears to have been the owner of a duplex located at 4515 and 4513 Glenwood Street. However, the Complaint also alleges that Mussell currently resides at 3800 Meridian Road, and he sold the duplex to Brenda Dilbeck. Presently living in the duplex are Plaintiffs Amy Lumadue, Pat Anderson, Richard Drennon, Krystal Lewis, and Steven Tidwell. Plaintiff Gary Peterson does not reside on the property, but rather stays there overnight during the week when he has medical appointments in Boise. Gary Peterson resides in Garden Valley.

On December 17, 2014, the Plaintiffs filed a complaint alleging the Defendants were engaged in wrongful eviction proceedings of the current residents of 4515 and 4513 Glenwood Street,[2] and that there was an "ejectment" scheduled for 9:00 a.m. on December 18, 2014. Although the complaint pays lip service to several federal statutory and constitutional violations, including the Americans with Disabilities Act, the facts describe the genesis of this action began in state court to stop the residents of the duplex from being evicted. The causes of action actually pled are: (1) noncompliance with 15 U.S.C. § 1639(j); (2) violation of the Idaho Consumer Protection Act; (3) intentional and negligent infliction of emotional distress; and (4) wrongful eviction under Idaho state law and the Americans with Disabilities Act. Contained within the allegations, but not pled

---

[2] Plaintiff Tim Mussell filed suit regarding his mortgage loan secured by 4515 Glenwood Street. *Mussell et.al. v. Mortgage Electronic Registration Systems, Inc. (MERS) et. al.*, Case No. 1:13-cv-00188-BLW-REB. It was filed initially in state court on March 13, 2013, and removed to this Court on April 19, 2013. Plaintiff brought claims of (1) violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"); (2) violations of Fair Debt Collection Practices Act ("FDCPA"); (3) Separation of Note and Deed of Trust; and (4) Deceptive Trade Practices. Magistrate Judge Ronald Bush issued a report and recommendation granting the defendants' motion to dismiss, which was affirmed by District Judge B. Lynn Winmill on September 25, 2014.

separately, are assertions that Defendants violated RESPA, TILA, the ADA, and the First, Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution as well as the Idaho Constitution. Plaintiffs do not elaborate how Defendants deprived them of their Constitutional or other federal statutory rights.

According to the complaint, this matter arises from a lawsuit commenced in the Fourth District Court in and for the County of Ada. Brenda Dilbeck filed suit against Defendant Federal Home Loan Mortgage Corporation (FHLMC) and Mussell, which resulted in Mussell receiving a judgment against him and a settlement with FHLMC. A hearing was conducted in the state district court on December 16, 2014, regarding a request to stay the eviction proceedings pending an appeal. The district court rejected the stay.

Because the complaint mentioned Dilbeck's suit regarding this property filed in Ada County, the Court conducted a public search of the Idaho State Judiciary's repository, and located Ada County Case No. CV-OC-2013-07600, *Dilbeck v Fed. Home Loan Mort. Corp., & Tim Mussell, Carrol Mussell*.[3] The case was filed on April 29, 2013.
Intervening in that case are some of the same plaintiffs mentioned in this case: Richard Drennon, Crystal Lewis, and Steven Tidwell. Tracie Lewis intervened also. According to the docket reflected on the repository, a disposition was entered on August 11, 2014. Ada

---

[3] The Court takes judicial notice of the pleadings on file in the state court case and accessible via the Idaho State Judiciary's repository at www.idcourts.us/repository. Fed. R. Evid. 201(b) and (c)(1).

**REPORT AND RECOMMENDATION - 4**

County obtained a Writ of Ejectment on September 18, 2014. On September 25, 2014, a motion to stay the Writ of Ejectment was filed by Tim and Carol Mussell. On December 16, 2014, the state court issued an order denying Mussell's motion to dismiss the writ of ejectment and a later motion to stay writ of ejection, as well as an order rejecting Mussell's motion to stay the district court's judgments pending appeal.

On January 5, 2015, Plaintiffs filed the Motion to Enjoin 1/6/15 Sale of Property asking that this Court enjoin the sale of Plaintiffs' property held at Victory Storage located at 7202 W. Victory Road, Boise, Idaho. (Dkt. 8.) This property, Plaintiffs allege, was seized when Defendants unlawfully ejected them from the property at 4515 Glennwood, Boise, Idaho. In addition, Plaintiffs filed an Amended Verified Complaint that alleges the "Defendants placed Plaintiffs' property into storage and has scheduled January 6, 2015 at 9am as the day to sale Plaintiffs property from the storage unit at 7202 W. Victory Road." (Dkt. 9 at ¶ 28.)

The amended complaint seeks damages and a declaratory judgment that Defendants' acts constitute unfair and deceptive business practices in violation of RESPA, TILPA, and the consumer protection act.

## ANALYSIS

1.  **Motion to Dismiss Standards Under Rule 12(b)(6)**

A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Fed. R. Civ. P. 8(a) sets forth minimum pleading rules, requiring only a "short and plain

**REPORT AND RECOMMENDATION  - 5**

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation ." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811–12 (9th Cir. 2010) (citation omitted).

## 2. Request for Judicial Notice

In support of its motion, Defendant Federal Home Loan Mortgage Corporation (FHLMC) requests the Court to take judicial notice of several documents that are matters of public record. Several documents were filed with the Ada County Recorder's office, and pertain to the property. (Dkt. 28.) The remainder of the documents are copies of the state court rulings and the ruling by District Judge B. Lynn Winmill in Case No. 1:13-cv-188-BLW.

Generally, with respect to Rule 12(b)(6) motions, the Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment under Fed. R. Civ. P. 56, and allowing the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907–908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed.1999)); *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004).

The Court has considered the request for judicial notice filed in support of FHLMC's motion to dismiss (Dkt. 28), and the documents themselves attached to the motion as Exhibits A-F. The Court grants the motion and will consider each of the following documents in deciding Defendants' motion to dismiss:

- **Exhibit A**: Copy of recorded Trustee's Deed recorded on December 19, 2012, in the official records of Ada County, Idaho, as instrument number 112133734.
- **Exhibit B**: Copy of recorded Corporation Warranty Deed recorded on February 5,

**REPORT AND RECOMMENDATION  - 7**

2013, in the official records of Ada County as instrument number 113013249.

- **Exhibit C**: Copy of Magistrate Judge's Report and Recommendation On Motion To Dismiss filed on May 14, 2014, in case no. 1:13-cv-188-BLW.

- **Exhibit D**: Copy of Judge B. Lynn Winmill's Memorandum Decision and Order filed on September 25, 2014, in case no. 1:13-cv-188-BLW.

- **Exhibit E**: Copy of final judgment filed on November 3, 2014 in Fourth District Court for the County of Ada, in case no. CV 13-07600.

- **Exhibit F**: Copy of Fourth District Court for the County of Ada Repository in case no. CV 13-07600.

3. *Rooker-Feldman* **Bars Plaintiffs' Claims**

The Rooker–Feldman doctrine is an expression of federalism principles: a plaintiff cannot appeal to a federal district court when his claims have been dismissed by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker–Feldman* doctrine recognizes that "federal district courts lack jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). This jurisdictional bar applies to direct appeals from state court judgments, de facto appeals from state court judgments, and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005).

Applied here, the *Rooker-Feldman* doctrine prohibits Plaintiffs from using the claims asserted in this case as a vehicle to appeal from earlier state court dismissals. Both the emotional distress claims and the wrongful eviction claim asserted under Idaho state law and the ADA were explicitly raised in the state court complaint. The state court complaint raised claims relating to the propriety of the judgment of foreclosure, the eviction, and the alleged harm those incidents caused. The other claims raised here for violation of the consumer protection act, and the vaguely pled claims under the RESPA, TILA, the ADA, and the First, Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution as well as the Idaho Constitution, are all inextricably intertwined with the state court action as well. For example, in the consumer protection act claim, Plaintiffs assert that none of the defendants had a right to foreclose and enforce an eviction on the property. Yet, Plaintiffs had an opportunity to challenge the eviction proceedings in state court. Although it is not clear what acts constitute Plaintiffs' claims under the RESPA, TILA, ADA, and the several constitutional amendments mentioned, all of the claims have, as their genesis, the eviction proceedings which culminated in a state court judgment. Plaintiff Mussell sought and failed to stay the ejectment proceedings in State Court.

All of the claims raised here, and those tangentially related, are now on appeal, and presently before the Idaho Supreme Court. Further, the eviction and property sales have occurred as of December 18, 2014, and January 6, 2015, respectively. Plaintiffs must follow the process to appeal the state court judgment, and may not bring this action here to collaterally attack the judgment of the state court.

**REPORT AND RECOMMENDATION  - 9**

Accordingly, the claims raised against Defendants in the amended complaint for intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of the consumer protection act, should be dismissed without leave to amend.

**4.     All Claims Asserted by Plaintiff Mussell Against FHLMC are Barred by Claim and Issue Preclusion**

Res judicata, which is comprised of claim preclusion and issue preclusion, bars (1) relitigation of an action, claim, or issue previously adjudicated, and (2) relitigation of any claims that might have been made. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). Claim preclusion prevents litigation of "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Robi*, 838 F.2d at 322 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Issue preclusion prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. *Id.* (quoting *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)).

Plaintiff Mussell previously filed a lawsuit against MERS, MetLife and First Horizon in State District Court for Ada County on March 13, 2013; that case was removed to this Court. Case No. 1:13-cv-188-BLW. The initial complaint as later amended sought declaratory relief, trespass to title, and wrongful foreclosure based on the December 8, 2012, foreclosure sale, as well as violation of RESPA, TILA, FDCPA, Separation of Note and Deed of Trust and Deceptive Trade Practices. District Judge Winmill granted Defendants' motion to dismiss under Rule 12(b)(6).

FHLMC acquired title to the Property by Warranty Deed recorded on February 5, 2013, which was before Plaintiff Mussell filed the March 13, 2013 lawsuit. Mussell never joined FHLMC as a party, yet now seeks to litigate claims against FHLMC that arise out of the identical facts alleged in the prior lawsuit, and based upon the same statutory provisions. As the grantee of title to the Property, FHLMC is in privity with a named party from the prior action, and Mussell is the identical party who litigated the prior case.

Therefore, principles of issue and claim preclusion apply to bar all causes of action asserted by Mussell against FHLMC. The Court recommends that Mussel's' claims against FHLMC be dismissed without leave to amend.

## 5.     Deprivation of Statutory Rights Claim Under 15 U.S.C. § 1639(j)

Plaintiffs generally claim that Defendants collectively deprived Plaintiff Mussell of his protected statutory rights under 15 U.S.C. § 1639(j) by instructing Mussell to miss mortgage payments, which in turn resulted in damage to Mussell's financial credit. Section 1639(j) states that "[n]o creditor shall recommend or encourage default on an existing loan or other debt prior to and in connection with the closing or planned closing of a high-cost mortgage that refinances all or any portion of such existing loan or debt."

This statute does not apply to any of the named Defendants. There are no facts pled to indicate that any of the Ada County Defendants qualify as a creditor to whom Mussell owed money. Further, the allegations pled do not indicate the Ada County Defendants had any involvement in the events surrounding Mussell's loan. As for FLHMC, Mussell has not and cannot allege that he had any contractual or other

relationship with FHLMC, because FHLMC did not obtain tile to the Property until after the trustee's foreclosure sale took place.

The Court therefore recommends that the claims asserted against Defendants under 15 U.S.C. § 1639(j) be dismissed without leave to amend.

**REPORT AND RECOMMENDATION - 12**

**6.    RESPA and TILA Claims**

Plaintiffs generally assert that the acts of Defendants collectively violated RESPA and TILA. However, Plaintiffs never specifically set forth the alleged violations. RESPA requires "loan servicers" to respond to certain borrower inquiries regarding the servicing of a loan, including that the loan servicer respond to a "qualified written request" within 60 days. 12 U.S.C. § 2605(e).[4] TILA requires a creditor to make certain disclosures to a borrower in a consumer credit transaction where the lender received a security interest in the borrower's residence. *See* 15 U.S.C. §§ 1631–1635. It also requires that if loan ownership is transferred, the new owner or assignee of a mortgage loan must notify the borrower within thirty days after the loan is sold or assigned. 15 U.S.C. § 1641(g).

None of the Ada County Defendants plausibly can be said to qualify as "loan servicers." The Ada County Defendants participated in the foreclosure process, not the servicing of Plaintiffs' loan. Further, because FHLMC did not acquire title to the Property until after the trustee's foreclosure sale occurred, it could not have serviced Plaintiffs' loan. And finally, those same facts preclude either the Ada County Defendants or FHLMC from being a creditor under TILA. The statutes simply do not apply based upon the facts present here.

The Court therefore recommends that all generally pled claims asserted against Defendants under RESPA and TILA be dismissed without leave to amend.

---

[4] The same RESPA claim was made by Mussell in Case No. 1:13–cv–00188–BLW against MetLife and dismissed. It would therefore be impossible to assert the same claim based upon the same facts against Defendants here if Plaintiff Mussell alleged it was MetLife that failed to make the disclosures.

**REPORT AND RECOMMENDATION - 13**

**7.     Consumer Protection Act Claims**

Plaintiffs generally assert that Defendants collectively violated the consumer protection act[5] by enforcing the judgment of foreclosure and evicting the occupants of the Property, and that their acts constitute "unfair and deceptive practices in trade or commerce," and "breached their fiduciary duties to Plaintiffs."  The Court has already explained that the consumer protection act claim, whether asserted under the state act or the federal act, should be dismissed under the *Rooker-Feldman* doctrine. However, the claim is subject to dismissal for additional reasons.

Plaintiffs do not specify any specific section of either the state or federal act that Defendants violated, and the allegations fit only, if at all, in the "catchall" provision which prohibits "[e]ngaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer." Idaho Code § 48–603(17).

Plaintiffs' allegations fail to state a claim for violation of the consumer protection laws. First, their allegations are too vague and conclusory to meet the pleading requirements of *Iqbal* and *Twombly*. For example, the complaint does not allege which Defendants committed any act that is considered unfair or deceptive under the any consumer protection act, or what harm or damage the acts caused to Plaintiffs other than the eviction from their home.

Second, Plaintiffs have not set forth any facts establishing any Defendant owed any Plaintiff fiduciary duties. "A fiduciary relationship does not depend upon some technical

---

[5] Plaintiffs name both the Idaho and Federal consumer protection acts in the complaint, but fail to set forth which provisions of either act were violated.

relation created by or defined in law, [and] exists in cases where there has been a special confidence imposed in another who, in equity and good conscience, is bound to act in good faith and with due regard to the interest in one reposing the confidence." *Jones v. Runft, Leroy, Coffin & Mathews, Chtd.*, 873 P.2d 861, 868 (Idaho 1994) (quoting *Stearns v. Williams*, 240 P.2d 833, 840–41(Idaho 1952)). A review of the amended complaint reveals Plaintiffs make no allegations supporting a foundation to believe either the Ada County Defendants or FHLMC was acting in Plaintiffs' interest. Plaintiffs fail to allege any facts establishing a special relationship. *See, generally, Burton v. Countrywide Bank, FSB*, 2012 WL 976151 (D. Idaho 2012) (discussing consumer protection act and fiduciary relationship claims).

Plaintiffs' amended complaint therefore fails to state a claim upon which relief may be granted under the consumer protection act, whether state or federal, and the Court recommends dismissal of the same.

### 8.    Motion for Extension

Plaintiffs' motion for extension is untimely. The Court previously granted an extension of time to file a response to the motions, giving Plaintiffs until April 13, 2015, to file their responses. The current motion for extension was not filed until May 19, 2015, more than one month after the expiration of the response deadline. Plaintiffs generally cite their pro se status and their housing issues as obstacles that prevented timely filing a response.

Fed. R. Civ. P. 6(b) requires a showing of "excusable neglect" to allow the late filing of documents. Pro se litigants are held to the same procedural rules as counseled

**REPORT AND RECOMMENDATION  - 15**

litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Ignorance of unambiguous procedural rules alone does not constitute excusable neglect. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994).

In this case, there can be no ambiguity in a date certain for filing responses to the motions to dismiss. The Court ordered the responses due after granting Plaintiffs' first extension. Plaintiffs have offered no reason for having missed the deadline other than their pro se status and their lack of stable housing. Plaintiffs do not indicate there was inadvertence, or some other excuse, rendering them incapable of timely filing their responses to the motions, and Plaintiffs were aware of the deadline for doing so given they requested the extension. Plaintiffs' reason for missing the deadline does not constitute excusable neglect so as to permit additional time within which to respond to the motions to dismiss.

Moreover, given the grounds upon which the Court recommends dismissal of Plaintiffs' amended complaint, granting Plaintiffs additional time and an opportunity to file a response would be futile. The *Rooker-Feldman* doctrine, which is procedural in nature, bars the majority of Plaintiffs' claims. As for the other claims asserted, the facts are not capable of amendment.

The motion for extension will be denied.

## CONCLUSION

There are numerous other reasons asserted by Defendants for dismissal of the claims against them, including Plaintiffs'' failure to plead with particularity the claims for negligent and intentional infliction of emotional distress; vague and conclusory claims under the ADA and the Idaho disability statutes; failure to properly serve FHLMC; failure to comply with the Idaho Tort Claims Act by not posting a bond; failure to file a notice of tort claim; qualified immunity for the Ada County Defendants under the Idaho Tort Claims Act; and failure to properly plead causes of action vaguely asserted under the Idaho and federal Constitutions. However, the Court need not reach those arguments, as it concludes that the *Rooker-Feldman* Doctrine bars Plaintiffs' claims under the consumer protection acts, whether state or federal; and all claims asserted under RESPA, TILA, or other federal statutes, as well as the claims for wrongful eviction and emotional distress, because they are so closely intertwined with the state court action. The Court separately addressed the claim asserted under 15 U.S.C. § 1639(j).

The Court further recommends that no leave to amend be granted, as it would be futile under the facts presented.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED THAT:**

1) Plaintiffs' Motion for Extension (Dkt. 34) is DENIED.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendant FHLMC's Motion to Dismiss (Dkt. 25) be **GRANTED**.

2) Defendant Ada County's Motion to Dismiss (Dkt. 26) be **GRANTED.**

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **May 22, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 18**